FILED - SOUTHERN DIVISION
CLERK, U.S DISTRICT COURT

JUN 2 9 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

LEOPOLD WENZEL,

    Petitioner,

   v.

THE PEOPLE OF THE STATE
OF CALIFORNIA,

    Respondent.

) Case No. EDCV 06-0224-FMC (MLG)
)
) REPORT AND RECOMMENDATION OF
) UNITED STATES MAGISTRATE JUDGE
)
)
)
)
)
)

## I.   Facts and procedural history

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.   Petitioner Leopold Wenzel is the owner of a tow truck company, Loma Linda Tow ("LLT"), which does business in San Bernardino, California.   In 2001, he was charged with unlawfully towing vehicles parked on both private and public property at the National Orange Show in San Bernardino County, in violation of Cal. Vehicle Code §§ 22658(l) and 22513(b).   Cal. Vehicle Code § 22658(l), a criminal infraction, requires prior written permission and the presence of the property owner or his agent when a vehicle is towed from private property.   Cal. Vehicle Code § 22513(b), a misdemeanor, requires the express authorization of the owner or operator of the vehicle or a law enforcement officer or public agency before towing any vehicle from a



DOCKETED ON CM

JUN 29 2006

BY _____ 040



1  highway, street, or public property.

2      Wenzel was charged and tried in the San Bernardino County Superior

3  Court with both criminal infractions and misdemeanors.  Following the

4  infraction trial in December 2001, a judge convicted Wenzel of thirteen

5  counts of illegally towing vehicles from private property at the

6  National Orange Show without the authorization of the property owner.

7  (Cal. Vehicle Code § 22658(1)).   Petitioner was ordered to pay

8  restitution equal to four times the amount of the towing and storage

9  charges for each victim and an administrative fee for a total fine of

10 $10,316.00.

11     On May 20, 2002, following the misdemeanor trial, a jury convicted

12 Wenzel of fifteen counts of unlawfully towing vehicles from public

13 property (Cal. Vehicle Code § 22513(b)) and two counts of providing

14 false information to a police officer (Cal. Vehicle Code § 31).   On

15 July 26, 2002, Wenzel was sentenced to 90 days in the San Bernardino

16 County Jail, three years probation and he was ordered to pay $2,200.00

17 in restitution. (Lodgement 2, MCT 98).   Following conviction, Wenzel

18 immediately served 12 days of his 90-day sentence.   He was then

19 released on bail pending appeal.

20     Petitioner appealed the trial court's findings to the Appellate

21 Department of the Superior Court for the County of San Bernardino.   In

22 his appeal, Petitioner asserted that Cal. Vehicle Code §§ 22513 and

23 22658 are unenforceable because they are preempted by the Interstate

24 Commerce Act, and that Cal. Vehicle Code § 22658 is unconstitutionally

25 vague and should be declared void.  Further, Petitioner argued that the

26 trial court erroneously denied his motion to dismiss the infraction

27 charges and improperly instructed the jury that a violation of Cal.

28 Vehicle Code § 22513 is a strict liability crime.  Finally, Petitioner

1  argued that the trial court's denial of a discovery request violated
2  his right to due process.

3      The Court rejected Petitioner's claims and affirmed the judgments
4  on January 29, 2004.  (Lodgment 4).  On March 16, 2004, the California
5  Court of Appeal denied Wenzel's petition to transfer.[1]  (Lodgement 6).
6  Petitioner then filed a petition for writ of habeas corpus in the
7  California Supreme Court.  On February 8, 2005, while the habeas corpus
8  petition was still pending, the Superior Court ordered Petitioner to
9  report for service of the remainder of his jail sentence, beginning
10 February 18, 2005.  Petitioner completed his sentence and was released
11 on probation.  The Superior Court terminated Petitioner's probation on
12 June 13, 2005 and he was discharged from supervision.  (Lodgement 8).
13 The California Supreme Court denied the petition for review on August
14 31, 2005.

15     On February 28, 2006, more than eight months after Petitioner's
16 probation was terminated, he filed this petition for writ of habeas
17 corpus.  As he contended in the state courts, Petitioner asserts that
18 Cal. Vehicle Code §§ 22658 and 22513 are pre-empted by the Interstate
19 Commerce Act.   In  addition,  he  contends  that  §  22658  is
20 unconstitutionally vague and should be declared void.  Respondent filed
21 an Answer to the petition on April 17, 2006.  As well as addressing the
22 merits, respondent argues that the court lacks jurisdiction because
23 Petitioner does not meet the "in custody" requirement of 28 U.S.C. §
24 2254.  Petitioner filed a reply on June 1, 2006.  The matter is ready
25 for decision.

26 ───────────────

27     [1]  *See* Cal. Rules of Court, Rule 64(b)(providing that a party may
   serve and file a petition to transfer the case in the Court of Appeals
28 if the appellate division denies an application for certification and
   does not certify its opinion for publication).

1  **II.   The Court lacks jurisdiction over the petition because Petitioner**
2      **was not "in custody" at the time he commenced this action, as**
3      **required by 28 U.S.C. § 2254(a)**

4      To obtain habeas corpus review in a federal court, 28 U.S.C. §
5  2254(a) requires that the petitioner be "in custody under the
6  conviction or sentence under attack at the time his petition is filed."
7  *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). This requirement is
8  jurisdictional. *Id*. Respondent argues at the outset that this court
9  lacks jurisdiction to entertain Petitioner's habeas corpus petition
10  because Petitioner was not "in custody" at the time he filed his
11  petition.  The court agrees.

12      The Supreme Court has specifically held that the "in custody"
13  requirement is determined by examining whether the petitioner was in
14  physical custody or under some other significant form of restraint at
15  the time the petition was filed in federal court.  *Maleng*, 490 U.S. at
16  491-493.  The "in custody" requirement is not limited to incarceration,
17  but includes other forms of significant restraint, such as parole,
18  probation, or release on bail or personal recognizance.  *See Hensley v.*
19  *Municipal Ct.*, 411 U.S. 345, 348 (1973); *Maleng*, 490 U.S. at 491;
20  *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th
21  Cir. 1988), *cert. denied*, 493 U.S. 809 (1989).

22      Wenzel was not "in custody" at the time he filed the instant
23  petition.  He had fully served his jail sentence and his probation had
24  been terminated eight months before he sought habeas corpus relief from
25  this Court.  Therefore, he was not formally restrained by the State in
26  any way at the time the petition was filed.

27      In defining the scope of the "in custody" requirement, the Supreme
28  Court has held that collateral consequences of a completely expired

conviction are, "not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. The Ninth Circuit has also specifically noted that "even when collateral consequences significantly harm habeas petitioners, the harm is not relevant to the 'in custody' inquiry." *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990). Nonetheless, Petitioner contends that he was "in custody" because his conviction has disabled him from participating in or obtaining public towing contracts in the County of San Bernardino, which has led to a loss of a portion of his business income. However, it is well established that economic loss arising from a criminal conviction, including professional discipline,[2] reputational harm,[3] and the suspension of a professional license,[4] fail to satisfy the "in custody" requirement.

Petitioner's alleged loss[5] does even not rise to the level of harm caused by the loss of a business or professional license. The suspension of a business or professional license, which would totally preclude the ability to engage in a profession or trade, is significantly more damaging to an individual than is the loss of a potential business opportunity. Petitioner's alleged inability to secure contracts for towing services from government agencies is not state mandated, as is the loss of a business or professional license,

---

[2]   *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975).

[3]   *Carafas v. LaVallee*, 391 U.S. 234 (1964).

[4]   *Harvey v. South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975), cert. denied, 426 U.S. 911 (1976),

[5]   It should be noted that Petitioner has provided nothing more than his uncorroborated assertion that he has suffered a loss of government towing contracts, which is somehow attributable to the convictions. Neither the fact of such loss nor causation has been established.

5

1   but rather is, at most, the result of reputational harm arising from

2   the convictions.  Courts have consistently held that reputational harm

3   does not qualify as a restraint on liberty sufficient to satisfy the

4   "in custody" requirement of § 2254.[6]  *See, e.g. Spencer v. Kemna*, 523

5   U.S. 1, 9 (1998); *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d

6   1069, 1075 (9th Cir. 2005).  Thus, the alleged unwillingness of county

7   or municipal agencies to contract with Petitioner and the other non-

8   specific allegations of economic harm are collateral consequences of

9   the convictions, which are insufficient to meet the "in custody"

10  requirement of § 2254.

11      Petitioner conflates the "in custody" requirement of the habeas

12  corpus statute with the case-or-controversy requirement of Article III

13  of the U.S. Constitution.  "Collateral consequences preclude mootness,

14  but do not satisfy the in custody requirement." *Feldman*, 902 F.2d at

15  475, citing *Maleng*, 490 U.S. at 490-92.  A particularly succinct

16  analysis of the "in custody" and mootness distinction was stated in

17  *Grant v. Lantz*, No. 3:05CV1756(MRK), 2006 WL 1662896, at *3 (D. Conn.

18  June 1, 2006)(quoting *Spencer v. Kemna*, 523 U.S. 1,7 (1998)).  In that

19  case, the District Court noted that:

20      Whether a petitioner's discharge of the sentence associated

21      with the conviction challenged causes a petition to become

22      moot because it no longer presents a case or controversy

23      under Article III, § 2, of the Constitution does indeed turn

24      on the existence of "some concrete and continuing injury

25      other than the now-ended incarceration"... but this question

26

27      ────────────

28      [6]   Even if reputational harm was sufficient to satisfy the in
custody requirement, Petitioner does not provide adequate evidence that
prior convictions damaged his reputation and led to a loss of business.

1    of mootness is distinct from the question of whether release

2    from prison... requires dismissal of a habeas petition for

3    failure to satisfy the "in custody" requirement of the habeas

4    statute.

5        The "in custody" and case-or-controversy requirements are distinct

6    doctrines and require an analysis that acknowledges this distinction.

7    In the habeas corpus context, a petitioner who is no longer in custody

8    must first "demonstrate that he was in custody at the time he filed the

9    petition" and then prove "that his subsequent release has not rendered

10   the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (9th Cir.

11   2004) citing *Spencer*, 523 U.S. at 7.  In this case, Petitioner was not

12   "in custody" within the meaning of § 2254 when he filed his petition.

13   The hypothetical loss of business income is not a collateral consequence

14   serious enough to satisfy the "in custody" requirement of the statute.

15       Petitioner relies on case law that addresses mootness, rather than

16   focusing on the "in custody" requirement, in support of his position.

17   Petitioner erroneously relies on *Sibron v. State of New York*, 392 U.S.

18   40 (1968) in arguing that a short-term sentence creates an exception to

19   the "in custody" requirement.  Petitioner contends that since it was

20   virtually impossible for him to exhaust all state remedies and still

21   file a timely federal habeas corpus petition before his sentence and

22   probationary period expired, it is unjust to deny him access to a

23   federal remedy.

24       *Sibron* is not applicable because it was not a habeas corpus action

25   and did not address the "in custody" requirement of 28 U.S.C. § 2254(a).

26   Rather, the issue before the Court in *Sibron* was whether completion of

27   Sibron's six-month sentence had rendered the case moot for purposes of

28   federal review on certiorari.  The Court held that, "the State cannot

1  effectively deny a convict access to its appellate courts until he has
2  been released and then argue that his case has been mooted by his
3  failure to do what it alone prevented him from doing." *Sibron*, 392 U.S.
4  at 53.

5      In contrast, the issue before this Court is whether Petitioner can
6  satisfy the statutory "in custody" requirement and pursue a habeas
7  corpus claim in spite of the completion of his sentence and probation
8  prior to the filing of the petition, not whether the case is moot.
9  Therefore, the *Sibron* decision is inapplicable.

10     Because Petitioner was not "in custody" within the meaning of 28
11 U.S.C. § 2254(a) when he filed this petition, the Court does not have
12 jurisdiction to entertain the petition.   Accordingly, it is recommended
13 that the petition be dismissed with prejudice.

14 DATED: June 28, 2006

15

16

17                                    MARC L. GOLDMAN
                                      United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

8